NATIONAL BANK OF RISING SUN, INDIANA, *v.* BRUSH and another.

*(Circuit Court, D. Indiana.   March 8, 1881.)*

1. NEGOTIABLE PAPER—WANT OF CONSIDERATION—EVIDENCE.
    Want of consideration may be shown as between the parties to negotiable paper and others having notice.

2. SAME—SAME—INDORSER.
    Therefore an indorser may show that he became a party to the paper without consideration, in a suit by the holder with notice.—[ED.

Action on Promissory Note.   Demurrer.

*Baker, Hord & Hendricks,* for plaintiff.

*Kennedy & Brush* and *E. C. Snyder,* for defendants.

GRESHAM, D. J.   The National Bank of Rising Sun, Indiana, sues John C. Brush, as maker, and William T. Brush, as indorser, of a negotiable promissory note for $8,000, executed May 23, 1877, and payable to the latter 12 months after date.   The note contains a clause whereby the maker and indorsers severally waive presentment for payment, protest, and notice of protest and non-payment, and all defences on the ground of any extension of the time of payment that may be given by the holder to the maker or indorsers.

In the first paragraph of his separate answer, after admitting that he indorsed the note to the plaintiff, William T. Brush avers that the plaintiff agreed to loan to John C. Brush the sum of $8,000, which he was to secure by executing a mortgage upon specified real estate; that the act of congress under which national banks were organized did not permit them to loan money and secure the same by taking mortgages directly to themselves, and for that reason it was agreed between the plaintiff and John C. Brush that the latter should execute to some third person his note for $8,000, and also a mortgage upon specified real estate to secure the payment of the same, which person should indorse the note and thereby transfer the mortgage to the plaintiff; that, pursuant to the agreement, John C. Brush executed to William T. Brush the note in suit, together with a mortgage to secure its payment,

and, after the latter had indorsed the note in blank, John C. Brush took the same, and delivered it and the mortgage to the plaintiff, and received the money; and that William T. Brush indorsed the note for no other purpose than to enable the plaintiff and John C. Brush to carry out their agreement.

The second paragraph is the same in substance as the first. There is a demurrer to the first and second paragraphs of answer. It is insisted, in support of the demurrer, that by his separate answer William T. Brush seeks to contradict or vary his contract of indorsement by parol evidence. The facts stated in the first and second paragraphs of the answer are admitted to be true, and they show that William T. Brush indorsed the note solely for the convenience of the bank and John C. Brush, and without consideration. William T. Brush was the mere instrument of John C. Brush and the bank, to enable the latter to loan its money on mortgage security. It was well understood by all the parties that William T. Brush was not interested in the loan, and that he was not an ordinary accommodation indorser. The money was not loaned on the faith of his signature on the back of the note. He acted as the trustee of the bank, if he held the note and mortgage at all. The act of congress prohibited national banks from loaning money on mortgage security, and it was supposed that prohibition might be evaded by executing the note and mortgage to William T. Brush, and having him assign the same to the bank. As between the parties to negotiable paper and others having notice, the want of consideration may be shown. This is not a suit between an innocent holder of the note for value and the indorser. The indorser should be allowed to prove the facts stated in his answer, if he can, not to contradict or vary the terms of the contract of assignment, but to show that he became a party to the paper without any consideration whatever. *Barton* v. *Martin*, 52 N. Y. 575; *Ross* v. *Espey*, 66 Pa. St. 487. Having thus induced William T. Brush to indorse the note, it would be upholding a fraud to allow the bank to hold him liable as an indorser.

Demurrer overruled.